AO 91 (Rev. 08/09)   Criminal Complaint

**FILED**

MAR 1 5 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 21-mj-197-PJC |
| JESSICA LEVON MCBRIDE | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___Tulsa___ in the county of ___Tulsa___ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1151, 1152, and 1111 | Murder in the Second Degree in Indian Country |
| 18 U.S.C. §§ 1151, 1152, and 81 | Arson in Indian Country |
| 18 U.S.C. §§ 1151, 1152, and 81 | Attempt to Commit Arson in Indian Country |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

SA Scott Kibbey, FBI
*Printed name and title*

Sworn to before me and signed in my presence. [by phone]

Date: 3/15/21

_____
*Judge's signature*

Paul J. Cleary, United States Magistrate Judge
*Printed name and title*

City and state: Tulsa, OK

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT
## IN THE NORTHERN DISTRICT OF OKLAHOMA

I, Scott Kibbey, being duly sworn under oath, do hereby depose and state:

### INTRODUCTION

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since September 2011. As a result of my employment with the FBI, my duties include but are not limited to, the investigation and enforcement of Title 18, of the United States Code (U.S.C.).

2. This Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, therefore it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers and other law enforcement documents and reports; and (c) the training and experience of myself and other law enforcement agents and officers.

### THE SOURCE OF MY INFORMATION AND GROUNDS FOR MY BELIEFS ARE AS FOLLOWS:

3. On March 20, 2019, at approximately 6:00 P.M., Tulsa Police Department (TPD) received information from a known confidential source (CS) that Jessica McBride ("McBride"), a non-Indian, told the CS on March 19, 2019, that she had an argument with the female tenant of the home where McBride was staying on Sunday, March 17, 2019. McBride told the CS that McBride choked the female and the female died. McBride asked the CS for assistance with burning down the house and disposing of the body.

1

4.      On March 20, 2019, McBride contacted the CS via text message. McBride told the CS that she and McBride's boyfriend (later identified as Michael James Scott) were at Braum's located at 1545 East 71st Street, Tulsa, Oklahoma. McBride sent the CS a text stating, "I bought some camp fuel and we have to do it tonight."

5.      At the direction of TPD, the CS arranged a ride for McBride with the CS and a TPD undercover investigator (UI) on the night of March 20, 2019. TPD conducted surveillance and observed McBride with an older white male at the Braum's. The UI and CS picked McBride up at Braum's. The CS and TPD observed McBride enter the undercover vehicle carrying a white plastic bag. TPD later discovered the bag was a Wal-Mart bag containing white gas camp fuel and Zippo lighter fluid. Once inside the vehicle, McBride directed the UI to 4905 N. Johnstown Avenue, Tulsa, Oklahoma

6.      McBride and the CS exited the undercover vehicle, and McBride was in possession of the white Wal-Mart bag. McBride entered the residence through a window on the north side of the residence at which point TPD directed her out of the house and took her into custody. At that time, TPD recovered the Wal-Mart bag described above, outside on the ground by the window where McBride had entered the residence.

7.      While McBride was directing the CS and the UI to the deceased woman's residence, TPD made contact with the older white male at Braum's, identified the male as Michael James Scott, date of birth xx/xx/60, and took him into custody. Scott was transported to TPD's Detective Division.

8.      TPD then conducted a welfare check at the residence and discovered a partially burned, deceased female in the residence. TPD later identified the deceased victim as Tracy Russell (Russell), an Indian, date of birth May 19, 1969. Russell is a member by blood of the

Cherokee tribe. A charred blanket was found on the victim, and clear evidence of a fire inside the residence was confirmed by the Fire Marshal and officers on scene.

9. McBride was transported to TPD's Detective Division. TPD further identified McBride as Jessica Lavon McBride, date of birth xx/xx/92. McBride was advised of her Miranda Rights, knowingly and voluntarily signed a waiver of rights, and was interviewed by detectives. After initially lying to detectives, McBride stated the following: Russell was taking advantage of McBride and Scott by taking their food stamps and spending McBride's food stamp money. On March 14, 2019, Russell told McBride they could no longer stay at her house. McBride stated she returned to Russell's house to retrieve her purse and other belongings. Russell denied having McBride's purse, angering McBride. McBride entered the residence and put Russell in a choke hold while demanding Russell return her purse. Russell told McBride where the purse was located, and McBride continued to choke Russell until Russell passed out. McBride described putting Russell in a rear choke hold for about 10 seconds. McBride did not check if Russell was still breathing before retrieving her purse and other belongings and leaving the residence.

10. McBride admitted that she returned to the Russell's house the following day and tried to destroy the crime scene by putting a blanket over Russell and lighting two corners of the blanket on fire before leaving the house. McBride told detectives that she was unsure whether the house had burned down, and that she returned on March 20, 2019, to check.

11. On February 22, 2021, the Oklahoma Housing Finance Agency provided lease and Housing Assistance Payments (HAP) contract information for Russell confirming she was the lawful tenant of 4905 N. Johnstown Avenue, Tulsa, Oklahoma, at the time of Russell's death. Russell's last HAP payment was made on March 1, 2019, and her HAP contract's next annual recertification due date was March 1, 2020.

12. 4905 N. Johnstown Avenue, Tulsa, Oklahoma, lies within the Northern District of Oklahoma and within the Cherokee Reservation. Based on the ruling of the United States Supreme Court in *McGirt v. Oklahoma*, 591 U.S. ____ (2020), Russell's residence is within "Indian Country", as the term is defined under 18 U.S.C. § 1151.

## CONCLUSION

Based on the information set forth in this affidavit, I submit there is probable cause to believe that Jessica Lavon McBride has violated 18 U.S.C. §§ 1151, 1152, and 1111 – Murder in the Second Degree in Indian Country on March 18, 2019 and 18 U.S.C. §§ 1151, 1152 and 81 – Arson and Attempted Arson in Indian Country on or about March 18, 2019 and on March 20, 2019.

Respectfully submitted,

Scott Kibbey, Special Agent
Federal Bureau of Investigation

By phone
Subscribed and sworn to before me this 15th day of March. 2021

UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OKLAHOMA

4